TERESA MARTÍNEZ PACHECO, Plaintiff and Appellee, *v.* LORENZO MARTÍNEZ, Defendant and Appellant.

No. 9475.   Argued November 12, 1947.—Decided February 20, 1948.

*Francisco Vizcarrondo* for appellant.   *Benigno Pacheco Tizol* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the Court.

Alleging that ever since April 21, 1943, she has owned and has been in the quiet and peaceful possession as owner of a lot measuring 325 square meters, Teresa Martínez Pa-

checo instituted an injunction proceeding to recover possession against Lorenzo Martínez. In the complaint, filed on December 13, 1945, the plaintiff alleged that on December 8, 1945, while she was in possession of the lot, the defendant violently entered the property, after having demolished the fence which separated plaintiff's house from that occupied by the defendant; that he erected another fence farther within plaintiff's land, thus occupying a strip of land having a frontage of 1.40 meters and depth of 9.60 meters; that the plaintiff made a demand upon the defendant to surrender said strip of land, and he refused to do so; that the plaintiff lacked any other adequate legal remedy and that she would suffer irreparable injury if the injunction sought were not granted.

The defendant answered and specifically denied the facts set forth in the complaint and on the contrary alleged that the strip of land in controversy has always formed a part of the lot on which his house stands; that ever since he bought that property, about two years ago, he has been in possession of said land; that the plaintiff had offered to buy from him the land in question; that he never took possession thereof by force; and that if the plaintiff considers herself entitled to any relief, the remedy sought is not the proper one. As special defenses, he set up that the complaint did not state facts sufficient to constitute a cause of action; that the property described by the plaintiff in her complaint as having an area of 325 square meters contains only 306 square meters, there being a difference of 19 square meters, which exceeds the area of the parcel of land claimed, which parcel, as described, has an area of 13.44 square meters; and that the plaintiff had to give up a portion of her lot in front for the construction of a street and sidewalk and now seeks to recover said loss by adding land to the rear of the lot. After the hearing was held, the lower court rendered judgment sustaining the complaint.

■ Feeling aggrieved by that judgment, the defendant appealed, and assigned seven errors in support of his appeal. We will discuss the first, second, third, fifth, and seventh assignments jointly, as they deal with the same question, namely, that the lower court erred in weighing the evidence and in finding that the plaintiff has been in possession of the strip of land involved in this case since April 21, 1943.

The evidence introduced by the plaintiff tended to show, in brief, that she has held possession of the strip of land in question, continuously and uninterruptedly, since April 21, 1943; that there existed a low concrete wall which marked the boundary between her property and that of the defendant; that on December 8, 1945, the defendant demolished said concrete wall and forcibly entered and took possession of the strip of land; and that said land forms part of her property. The evidence for the defendant tended to show that the strip of land involved on this proceeding has always formed a part of his property, and he always held possession thereof; that the purpose of the concrete wall was not to mark the boundary between his property and that of the plaintiff but to support the elevated portion of the strip of land in controversy, so as to prevent the erosion thereof towards the remaining slanting land; and that he demolished the concrete wall because it had worn out so that it no longer served the purpose for which it was built. He denied that the plaintiff has ever held possession of the strip of land or that it belonged to her.

The lower court resolved the conflict in the evidence, holding that ''as it appears from the evidence that the plaintiff has been in possession of the strip of land, which we have mentioned, within the year preceding the filing of the complaint, and that the defendant has deprived her of the use thereof, judgment should be rendered for the plaintiff.'' The evidence was conflicting and the trial judge accorded full credit to the evidence introduced by the plaintiff. The finding

of the lower court, supported by the evidence, that the plaintiff was in the material possession of the land within the year preceding the filing of the complaint, should be upheld in the absence of a showing that, in resolving the conflict in the evidence, said court acted under the influence of passion, prejudice, or partiality, or that it committed manifest error.

■■■ The appellant in his fourth assignment urges that error was committed ''in not admitting as evidence the certificate of the registry of property offered by the defendant, wherein it is stated that plaintiff's property measures about 309 square meters and not 325 square meters as alleged in the complaint.''

By offering this document in evidence the defendant sought to show that the plaintiff was the owner, according to said certificate, of a tract of land smaller than the one described in the complaint. If it had been admitted, the lower court would have had to consider the ownership rights or titles of the parties. In an injunction proceeding to recover possession, questions of title can not be considered; only the fact and not the right of possession may be considered and determined. *Fernández* v. *González*, 41 P.R.R. 719; *Manrique* v. *Alvarez*, 58 P.R.R. 75. Regarding this particular, in *Gómez* v. *López*, 55 P.R.R. 785, 790, we stated the following:

''Of course, as the only questions to be decided in an injunction proceeding to recover and retain possession are those which have been previously indicated, any evidence, whether documentary or oral, tending to prove title or right to possession in two persons, is inadmissible as irrelevant, since it is the determination of the possession *as a matter of fact* which is the only purpose of this proceeding.''

The error assigned has not been committed.

■■ The defendant in his last assignment complains of the ruling of the court denying the inspection of the premises requested by him.

The granting of a view or inspection rests in the sound discretion of the court, and unless substantial prejudice is shown, its decision will not be disturbed by this Court. *Jiménez* v. *Fletcher*, 67 P.R.R. 153.

The judgment appealed from should be affirmed.